IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JESSE S.,[1] | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 7:17-cv-00211 |
| ANDREW SAUL, Commissioner, Social<br>   Security Administration,[2] | ) By: Elizabeth K. Dillon<br>)      United States District Judge |
|     Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Jesse S. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying his claim for social security income ("SSI") under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On January 9, 2019, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (Dkt. No. 24.) Jesse filed a timely objection on January 22, 2019. (Dkt. No. 25, Pl.'s Obj.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny Jesse's motion for summary judgment, and affirm the Commissioner's decision.

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] On June 17, 2019, Andrew Saul was sworn in as the new Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the proper defendant.

1

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–7.)

## II. DISCUSSION

### A. Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error

in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B. Jesse S.'s Objections**

In his brief to the magistrate judge in support of summary judgment, Jesse argued that the ALJ misapplied the two-pronged framework for assessing a claimant's complaints of pain and other symptoms; erroneously failed to account for his cognitive limitations in defining Jesse's residual functional capacity (RFC); and erroneously failed to account for all of Jesse's physical limitations. (Dkt. No. 18, Pl.'s Mem. 9–22.) Jesse's objections to the magistrate judge's recommendation largely reiterate those arguments. (*See, e.g.*, Pl.'s Obj. ¶ 3 ("The Magistrate Judge erroneously concluded (R&R 8–10) the ALJ properly identified substantial evidence to support his discounting of [Jesse's] subjective descriptions and complaints of pain and physical restrictions."); *id.* ¶ 5 ("[Jesse] objects to the Magistrate Judge's conclusion that the ALJ

properly assessed his mental impairments as required by SSR 96-8p."); *id.* ¶ 8 ("The Magistrate Judge unreasonably recommended the Court uphold the ALJ's failure to exclude quota-oriented jobs from the ALJ's assessment of [Jesse's] residual functional capacity and the ALJ's questions to the vocational expert."); *id.* ¶ 10 ("The Magistrate Judge erred by upholding the ALJ's physical residual functional capacity assessment and inadequate function-by-function analysis of [Jesse's] physical restrictions.").) Jesse's objections are mostly a condensed version of his summary-judgment brief, and the court will not address arguments that were thoroughly explored by the magistrate judge. The court will, however, address two objections raised by Jesse.

First, Jesse argues that the magistrate judge failed in his attempt to distinguish this case from *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In *Mascio*, the court held that an ALJ "does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). In this case, the ALJ found at step three that Jesse has a "moderate limitation in concentration that would limit him to short, simple instructions. The record does not support limitations in persistence or pace." (R. 20.) Unlike the ALJ in *Mascio,* the ALJ here did account for Jesse's moderate limitation in concentration by stating in the RFC and hypothetical question to the vocational expert that Jesse "retains the ability to perform short, simple instructions, but not detailed instructions [and] can respond and interact appropriately with supervisors, coworkers, and others, and adapt to changes in a routine work environment commensurate with tasks involving short, simple instructions." (R. 20, 102.) The ALJ supported this conclusion by describing a psychological evaluation by Nancy Sizemore, M.A., where Jesse "displayed good

comprehension of simple instructions and his response were goal oriented." (R. 25.) The limitation to "short, simple instructions," as opposed to "detailed instructions," accounts for Jesse's moderate limitation in his ability to concentrate and, as a result, stay on task.

Second, Jesse argues that the magistrate judge "incorrectly excused the ALJ's failure to mention (much less address) the ALJ's own finding in his prior (2014) decision that [Jesse's] mental impairments would preclude quota-oriented work." (Pl.'s Obj. ¶ 9.) The magistrate judge discussed Acquiescence Ruling 00-1(4), which instructs that when "adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances." AR 00-1(4), 2000 WL 43774, at *4 (S.S.A. Jan. 12, 2000).[3] The ALJ's prior opinion, however, was vacated by the Appeals Council (R. 15), and courts have held that AR 00-1(4) does not apply when considering prior ALJ decisions that were vacated. *See, e.g.*, *Batson v. Colvin*, No. 7:14-CV-48-D, 2015 WL 1000791, at *7 (E.D.N.C. Mar. 5, 2015); *Williams v. Colvin*, No. 7:12-cv-242, 2013 WL 5151797, at *4 (W.D. Va. Sept. 13, 2013).

Jesse argues that the cases cited by the magistrate judge are distinguishable because they involved prior rulings by different ALJs that were vacated on the merits, whereas this case involves a prior ruling by the same ALJ that was vacated for a mechanical, ministerial, or clerical error. (*See* R. 15 (explaining that "the Appeals Council remanded the claimant because portions of the hearing, including vocational expert testimony, were indecipherable").) This does not appear to be a relevant distinction. The Fourth Circuit has emphasized that the SSA "treats the

---

[3] This ruling interprets the Fourth Circuit's decision in *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473 (4th Cir. 1999), and "applies only to disability findings in cases involving claimants who reside in Maryland, North Carolina, South Carolina, Virginia or West Virginia at the time of the determination or decision on the subsequent claim at the initial, reconsideration, ALJ hearing or Appeals Council level." 2000 WL 43774, at *4.

doctrine of res judicata as applying when it has 'made a previous determination or decision . . . on the same facts and on the same issue or issues, *and this previous determination or decision has become final* by either administrative or judicial action," and nothing in AR 00-1(4) or the circuit precedent underlying it "indicates that findings in prior non-final decisions are entitled to any weight." *Monroe v. Colvin*, 826 F.3d 176, 187 (4th Cir. 2016) (quoting 20 C.F.R. § 404.957(c)(1)) (emphasis in original). Therefore, the magistrate judge did not err in finding that the ALJ was not required to address his prior opinion.

### III. CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Jesse's objections and adopt the magistrate judge's recommendation. The court will therefore grant the Commissioner's motion for summary judgment and deny Jesse's motion for summary judgment.

An appropriate order will be entered.

Entered: August 14, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge